IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FOX VALLEY & VICINITY LABORERS' HEALTH AND WELFARE FUND, | ) ) ) | |
| FOX VALLEY & VICINITY LABORERS' PENSION FUND, | ) ) ) | CIVIL ACTION |
| PATRICIA M. SHALES, as Administrative Manager, | ) ) ) | NO. |
| Plaintiffs, | ) ) | JUDGE |
| v. | ) ) | |
| PLAINFIELD CONCRETE, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs, FOX VALLEY & VICINITY LABORERS' HEALTH AND WELFARE FUND, ("Welfare Fund"), FOX VALLEY & VICINITY LABORERS' PENSION FUND, ("Pension Fund"), and PATRICIA M. SHALES, as Administrative Manager, by their attorneys, complaining of the Defendant, PLAINFIELD CONCRETE, INC., an Illinois corporation allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction and venue are proper under ERISA Sections 502(3)(1) and (2), 29 U.S.C. § § 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. § § 185(a) and (c).

2. The Plaintiff Funds are multi-employer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), the Chicago Area Independent Construction Association ("CAICA"), the Apprenticeship Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations"), for the purpose of collecting employer contributions and wage deductions due to these Affiliated Organizations.

3. Defendant, PLAINFIELD CONCRETE, INC. (hereinafter "Company"), is an Illinois corporation registered to do business in the state. At all relevant times, the Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization with the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and the Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which, among other things, require the Company to make monthly contributions to the Funds on behalf of employees covered by the Agreement for health and welfare and pension benefits, and for deductions and

contributions for the Affiliated Organizations; the Agreement also requires the Company to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and Affiliated Organizations on behalf of each covered employee.

6. Pursuant to the Agreement, the Company must pay contributions for each hour worked by its employees to the Affiliated Organizations. The Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

7. Pursuant to the Agreement, the Company must also pay contributions for each hour worked by its employees to the Funds. The Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

8. As an employer obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreement entered into between the Company and the District Council and the Agreements and Declarations of Trust, upon the request of the Plaintiffs, Defendant is specifically required to furnish to the Plaintiffs a bond, with reputable surety thereon and the Plaintiffs named as obligees thereunder, in an amount to be determined by the Plaintiffs consistent with the anticipated future contribution obligations of the Defendant.

9. That Defendant breached its obligations to submit proof of such surety bond as requested by Plaintiffs on several occasions.

10. Defendant's regular and repeated breaches of its obligations to Plaintiffs have forced the Plaintiffs to file a lawsuit against the Defendant in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the LMRA and ERISA to enforce the terms of the Agreement entered into between the Company and the District Council and the Agreements and Declarations of Trust.

11. Pursuant to the power and authority provided by the terms of the Agreements and Declarations of Trust, the Plaintiffs have requested that the Defendant furnish to the Plaintiffs a bond, with reputable surety thereon and with the Plaintiffs as obligees thereunder, in the amount of $5,000 or more to assure future payment of Defendant's obligations.

12. The amount of the bond requested is consistent with the anticipated future obligations of the Defendant to the Plaintiffs under the terms of the Agreements and Declarations of Trust based upon Defendant's past reports.

13. Plaintiffs are without an adequate remedy at law, have suffered and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations required by the Defendant to be performed under the terms of the Agreements and Declarations of Trust and to obtain the required surety bond in the amount of $5,000 or more.

WHEREFORE, Plaintiffs pray:

A.      That Defendant be permanently enjoined to perform its obligations to Plaintiffs under the terms of the Agreement and the Agreements and Declarations of Trust and to obtain and furnish to the Plaintiffs a bond in the amount of $5,000 or more for contributions, liquidated damages and attorneys' fees, with reputable surety thereon and the Plaintiffs as obligees thereunder.

B.      That judgment be entered in favor of Plaintiffs and against Defendant for Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein or subsequently determined as provided in the Plans and in ERISA.

C.      That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Cecilia M. Scanlon

Catherine M. Chapman
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\FVLJ\Plainfield Concrete\complaint.cms.df.wpd

5